IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                       Cr. No. 22-CR-01322-JCH

ADAM MANN,

      Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE PRETRIAL MOTIONS

Defendant Adam Mann, by and through his counsel of record, Assistant Federal Public Defender Emily P. Carey, moves this Court to continue the jury trial currently scheduled on October 17, 2022, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of his Motion, Mr. Mann states:

1. On August 18, 2022, Mr. Mann pleaded not guilty to one count of being a felon in possession of a firearm an ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docs. 15, 17).

2. The Court set this matter for trial on October 17, 2022. (Doc. 19).

3. Defense counsel received initial discovery disclosures from the United States on August 26, 2022, which consists of numerous reports, audio, and video recordings. Counsel requires additional time to review discovery in this case as well as additional time to review these discovery materials in person with Mr. Mann.

4. Before defense counsel can adequately advise Mr. Mann about his legal options, counsel must also conduct a thorough and complete investigation into the counts charged. Defense

1

counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984). Defense counsel requires additional time to investigate the circumstances giving rise to the charge in the Indictment.

5. Defense counsel also requires the additional ninety (90) days determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise Mr. Mann on pretrial motions prior to conducting a thorough review of all discovery, completing the defense investigation, and having adequate opportunity to meet with him.

6. The parties may require time to discuss the possibility of a negotiated resolution. Mr. Mann believes it may be in his best interest to explore whether this matter can be resolved short of trial. However, defense counsel must conclude a thorough discovery review and complete the defense investigation prior to effectively advising Mr. Mann on any negotiated resolution in this case.

7. If the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial. Mr. Mann's right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this time to prepare, Mr. Mann will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

8. Mr. Mann therefore respectfully requests a continuance of ninety (90) days in order to prepare for trial. Counsel believes that the length of time to be the minimum needed to review discovery, to conduct any follow-up investigation, to engage in plea negotiations with the United States, to file any pretrial motions, and to ensure Mr. Mann receives effective assistance of counsel and is afforded due process.

9. Mr. Mann believes that a continuance of ninety (90) days from the current trial setting is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel an opportunity to thoroughly review all discovery on her own as well as with Mr. Mann.

   b) To allow defense counsel to conduct a reasonable and thorough investigation.

   c) To allow defense counsel to determine whether to file pretrial motions, a decision which cannot be reached until defense counsel has had an opportunity to thoroughly review discovery and conduct a reasonable investigation.

   d) To allow time for the parties to engage in meaningful plea negotiations. As the U.S. Supreme Court recognized in *Lafler v. Cooper,* 566 U.S. 156, 170 (2012), "criminal justice today is for the most part a system of pleas, not a system of trials." The Supreme Court recognized that passing up the opportunity to plead guilty to a favorable offer also has Constitutional dimensions.

10. The continuance will not prejudice Mr. Mann as it will allow counsel an opportunity to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Counsel has informed Mr. Mann of his rights under the Speedy Trial Act, 18 U.S.C. § 3161, and he understands the need for a continuance and respectfully requests that the Court continue trial for ninety days from the current setting.

11. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial

will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense counsel to complete a thorough review of all discovery, adequately investigate the case, meet with and counsel Mr. Mann, and prepare and file any necessary pretrial motions.

12. This motion is not predicated upon the congestion of the Court's docket.

13. Counsel for the United States, Assistant United States Attorney Paul Mysliwiec, does not oppose this continuance.

WHEREFORE, Mr. Mann respectfully requests that this Court continue the jury trial and motions deadline for ninety (90) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed September 14, 2022*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant